**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CAROL JO GAVIN and ALBERT J. GAVIN, | No. 09-55369 |
| Plaintiffs - Appellants, | D.C. No. 2:05-cv-09001-FMC-SS |
| v. | MEMORANDUM[*] |
| CITY OF LOS ANGELES; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Florence-Marie Cooper, District Judge, Presiding

Submitted November 3, 2010[**]
Pasadena, California

Before: SCHROEDER, TALLMAN and M. SMITH, Circuit Judges.

Plaintiffs Carol Jo Gavin and Albert J. Gavin claim that the district court

erred by limiting the time for trial in their civil rights action against the City of Los

Angeles, thus depriving them of due process. We have jurisdiction under 28

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291, and we find that the district court did not abuse its discretion. *See*

*Navellier v. Sletten*, 262 F.3d 923, 941(9th Cir. 2001).

Because the parties are familiar with the facts of this case, we do not repeat them here. District courts "have broad authority to impose reasonable time limits." *Id.; see also Monotype Corp. PLC v. Int'l Typeface Corp.*, 43 F.3d 443, 450-51 (9th Cir. 1994) (finding no abuse of discretion by a district court that imposed a trial time limit of nine days when a party had initially requested three weeks); *Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1508 (9th Cir. 1995) (finding no abuse of discretion by a district court that imposed a "rigid limit on time," so long as both parties were informed of the time remaining and were able to conduct "limited cross-examination" of opposing witnesses); *Amarel v. Connell*, 102 F.3d 1494, 1514 (9th Cir. 1996) (finding no abuse of discretion even though a time limit forced a party to choose between examining its own witnesses and cross-examining opposing witnesses).

Furthermore, while "[a] crowded docket does not justify an infringement on the right to reasonably develop a case . . . the objecting party must show there was harm incurred as a result." *Monotype*, 43 F.3d at 451; *see also Gen. Signal*, 66 F.3d at 1508 (refusing to find a time limit to be unreasonable when the complaining party failed to show what required evidence it was prevented from presenting). The Gavins have made the conclusory assertion that they "were not

permitted to present all relevant, material and non-cumulative evidence." While it is clear that they were unable to present all the evidence they would have liked to, they have made no specific showing as to how the time limit ultimately prejudiced them by preventing them from presenting any evidence that was required in order to reasonably develop their case. Absent such a showing, we cannot say that the district court's limitation of the trial to eight days, during which the parties introduced seventy exhibits and called twenty witnesses, all of whom were cross-examined, violated the Gavins' due process right to a fair trial.

**AFFIRMED.**